UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY GRAYBOSCH, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| RBUS, INC. d/b/a RED VENTURES, | ) | **Removed From:** |
| | ) | Ingham County Circuit Court |
| Defendant. | ) | Case No. 23-0179-CO |
| | ) | Hon. James S. Jamo |
| | ) | |
| | ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant RBUS, Inc. d/b/a Red Ventures ("Defendant"), by its attorneys, hereby gives notice of removal of the above-captioned action from the Circuit Court for the County of Ingham, Michigan, and in support thereof, respectfully states as follows:

**Removal Jurisdiction**

1. On or about March 17, 2023, Plaintiff Anthony Graybosch ("Plaintiff") filed a Complaint and Jury Demand in the Circuit Court for the County of Ingham, Michigan, captioned *Anthony Graybosch v. RBUS, Inc. d/b/a Red Ventures*, Case No. 23-0179-CO (the "Action").

2. Plaintiff obtained a Civil Summons addressed to Defendant on March 17, 2023. **Exhibit A** constitutes all process, pleadings, and orders received by Defendant in the Action as required by 28 U.S.C. § 1446(a).

3. The Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

**Removal is Timely**

4.  Plaintiff emailed the Summons, Complaint, and Jury Demand to Defendant on March 21, 2023, requesting that Defendant accept service. *See* Ex. A at 1. Defendant did so effective March 27, 2023. *See* **Exhibit B**.

5.  In accordance with 28 U.S.C. § 1446(b), this notice of removal is being filed within 30 days of service on the Defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

**Original Jurisdiction**

6.  Removal is proper pursuant to 28 U.S.C. § 1441 because this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction.

7.  Plaintiff is a Michigan resident residing in Haslett, Ingham County, Michigan. *See* Compl. ¶ 2. Defendant is a corporation incorporated in Charlotte, Mecklenburg County, North Carolina with its principal place of business in Fort Mill, York County, South Carolina. Copies of Defendant's Articles of Incorporation incorporating the business in North Carolina effective January 1, 2001, and its business registration information on file with the North Carolina Secretary of State reflecting its principal place of business in South Carolina are attached as **Exhibit C**.

8.  The Action includes one count for retaliatory termination under the Michigan Whistleblower Protection Act, MCL § 15.362, and Plaintiff seeks damages reasonably estimated to be in excess of $75,000, including for past and future lost wages and benefits, compensatory damages for monetary and nonmonetary loss, and an award of exemplary and punitive damages. *See* Compl. at ¶¶ 32-39, p. 6 ("Prayer for Relief"). While Plaintiff has not pled a specific dollar amount for damages sought, a review of settlement and verdict reports for similar retaliatory termination claims brought under MCL § 15.362 demonstrate recoveries well in excess of $75,000.

*See, e.g.*, *Collins v. City of Detroit*, JVR No. 1201120069, 2011 WL 7141853 (Mich. Cir. Ct. Dec. 15, 2011) (settlement summary involving retaliatory termination claim brought by clerical employee under MCL § 15.362 that settled for $200,000) and *Polek v. Grand River Navigation Co., Inc.*, JVR No. 1203230005, 2012 WL 983753 (E.D. Mich. Feb. 3, 2012) (verdict summary involving retaliatory termination claim brought by engineer employee under MCL § 15.362 for which jury awarded $133,500 in compensatory and punitive damages), copies of which are attached as **Exhibit D**.

9. This Court has original jurisdiction of the Action under 28 U.S.C. § 1332(c)(1) based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. *See* ¶¶ 7-8, *supra*; Compl. ¶¶ 2, 38-39, p. 6 ("Prayer for Relief"); Ex. C, D; *LGT Enterprises, LLC v. Ticket Software, LLC*, No. 1:08-CV-578, 2008 WL 5753364, at *3 (W.D. Mich. Aug. 22, 2008) ("The general rule is that for the purpose of determining diversity jurisdiction and removability, a corporation is deemed to be a citizen both of any state where it is incorporated and the state where it maintains its principal place of business.") (citations omitted). While Plaintiff alleges that Defendant "regularly conducts business in Detroit, Michigan," Compl. ¶ 3, that is not sufficient to establish citizenship for a corporate entity. *See Nyberg v. Montgomery Ward & Co.*, 123 F. Supp. 599 (W.D. Mich. 1954) (holding Michigan statutes under which foreign corporations are admitted to do business in Michigan were not intended to, and do not, make admitted foreign corporations a domestic Michigan corporation and a citizen of Michigan for purposes of diversity jurisdiction).

### The Removal Procedures Have Been Satisfied

10. In light of the foregoing, removal of this case is proper pursuant to 28 U.S.C. § 1441.

11. The Circuit Court for the County of Ingham, Michigan located in Lansing, Michigan is the state court in which the Action is currently pending. Venue is therefore proper in the United States District Court for the Western District of Michigan, Southern Division pursuant to 28 U.S.C. § 1441(a).

12. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint served in this Action is attached as **Exhibit A**. No additional process, pleadings, or orders have been served on or by Defendant to date.

13. As required by 28 U.S.C. § 1446(d), promptly after the filing of this notice of removal, Defendant will give written notice thereof to all parties, and shall file a copy of this Notice of Removal with the Circuit Court for the County of Ingham, Michigan, a copy of which is attached as **Exhibit E**.[1]

14. This notice of removal does not waive any objections Defendant may have to defects in process or service of process, jurisdiction, venue, or any other defenses. Nor shall it be construed as an admission of liability or that Plaintiff is entitled to any damages or other relief.

**WHEREFORE**, Defendant respectfully requests this case be removed to the United States District Court for the Western District of Michigan, Southern Division.

---

[1] To avoid unnecessary duplication, Defendant has not attached a second copy of this pleading to Exhibit E, but hereby incorporates it therein by reference.

This the 17th day of April, 2023.

Respectfully submitted,

*/s/ Grant W. Hohlbein*
Aimee R. Gibbs (P70522)
Grant W. Hohlbein (P86319)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
Telephone: (517) 371-1730
Facsimile: (844) 670-6009
Email: agibbs@dickinsonwright.com
Email: ghohlbein@dickinsonwright.com


Wood W. Lay (NC State Bar No. 25126)*
Kyle J. Jacob (IL State Bar No. 6327085)*
MOORE & VAN ALLEN, PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
Email: woodlay@mvalaw.com
Email: kylejacob@mvalaw.com

*Attorneys for Defendant RBUS, Inc. d/b/a Red Ventures*

*To be admitted*.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via CM/ECF and was served via email and U.S. Mail as follows:

>Noah S. Hurwitz
>HURWITZ LAW, PLLC
>340 Beakes Street, Suite 125
>Ann Arbor, MI 48104
>Email: noah@hurwitzlaw.com

This the 17th day of April, 2023.

>*/s/ Patricia A. Burnett*
>Patricia A. Burnett